SD:EDP
F.# 2015R01052

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

JIEFENG LI,
     also known as "Ah Fung,"
QING HUA KUANG,
     also known as "Ah Ken," and
CHIN YUNG CHAO,
     also known as "Jimmy Chao,"

         Defendants.

- - - - - - - - - - - - - - - -X

FILED
CLERK

2015 JUN 30 AM 11: 27

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

INDICTMENT

CR 15 - 322
(T. 21, U.S.C., §§ 841(b)(1)(A)(viii),
846, 853(a) and 853(p); T. 18, U.S.C.,
§§ 3551 et seq.)

JOHNSON, J.
POLLAK, M.J.

THE GRAND JURY CHARGES:

METHAMPHETAMINE DISTRIBUTION CONSPIRACY

    1.    In or about and between July 2014 and June 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JIEFENG LI, also known as "Ah Fung," QING HUA KUANG, also known as "Ah Ken" and CHIN YUNG CHAO, also known as "Jimmy Chao," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1). The amount of methamphetamine, its salts, isomers, and salts of its

2

isomers involved in the conspiracy attributable to the defendants as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, was 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers.

(Title 21, United States Code, Sections 846 and 841(b)(1)(A)(viii); Title 18, United States Code, Section 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

2. The United States hereby gives notice to the defendants that, upon their conviction of the offenses charged in this Indictment, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty;

3

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

_____
FOREPERSON

_____
KELLY T. CURRIE
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2015R1052

FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

JIEFENG LI, QING HUA KUANG
and CHIN YUNG CHAO,

                                       Defendants.

# INDICTMENT

(T. 21, U.S.C., §§ 841(b)(1)(A)(viii), 846, 853(a) and 853(p); T. 18,
U.S.C., §§ 2 and 3551 et seq.)

*A true bill.*

_____
                                                        *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ A.D. 20 _____

_____
                                                         *Clerk*

*Bail, $* _____

*Erik D. Paulsen, Assistant U.S. Attorney (718) 254-6135*